UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICIA ANN FORD,

                              Plaintiff,

vs.

ROOSEN, VARCHETTI & OLIVIER, PLLC,

                              Defendant.
_____/

**COMPLAINT & JURY DEMAND**

Plaintiff, Patricia Ford through counsel, Stephen A. Thomas, PLC, by Stephen A. Thomas states the following claims for relief:

**INTRODUCTION**

1.      Plaintiff Ford is suing because Defendant Roosen, Varchetti & Olivier, PLLC (RVO), as a debt collector, harassed Plaintiff Ford with the continuation of a collection lawsuit in the 36th District Court on behalf of the Providian National Bank after she discharged the debt in bankruptcy.

2. Defendant RVO persistently utilized garnishments and judgment liens to collect on a discharge debt from Plaintiff Ford, violating Plaintiff Ford's rights afforded under federal law.

## JURISDICTION

3. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims, which are predicated upon the same facts and circumstances that give rise to the federal causes of action.

4. This action arises out of Defendant Roosen, Varchetti & Olivier, PLLC's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") by Defendant RVO and their agents in their illegal efforts to collect a consumer debt.

5. Venue is proper in this District because the acts and transactions occurred here, Plaintiff Ford resides here, and Defendant RVO transacts business here as part of their continuing debt collection activities.

## PARTIES

6. Plaintiff Patricia Ford is a natural person who resides in the City of Detroit, County of Wayne, State of Michigan, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7.      Defendant Roosen, Varchetti & Olivier, PLLC, (RVO) is a Michigan corporation with minimum contacts in the State of Michigan and is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## VENUE

8.      The transactions and occurrences which give rise to this action occurred in Wayne County.

9.      Venue is proper in the Eastern District of Michigan.

## GENERAL ALLEGATIONS

10.     That Defendant RVO attempted to collect a debt in the amount of $5,970.72, an amount which had already been discharged in bankruptcy from a Providian National Bank debt/account.

11.     That Defendant RVO received a judgment for Providian National Bank against Plaintiff Ford on October 22, 2002 in the amount of $1,981.78.

12.     On July 30, 2003, Plaintiff Ford entered into an installment agreement with Defendant RVO to pay the $1,981.78 on the Providian National Bank account.

13.     On December 11, 2003, Plaintiff Patricia Ford filed a Chapter 7 Bankruptcy Case No. **03-74205-swr** and all debts listed and unlisted were discharged as a matter of law.   In Re:  Michael K. MADAJ 149 F.3d 467 (6th Cir. 1998).

14. In the fall of 2013, Defendant RVO contacted Plaintiff Ford by telephone and demanded payment on the discharged debt.

15. Plaintiff Ford told Defendant RVO that she had filed bankruptcy and the debt was discharged in her bankruptcy.

16. On January 13, 2014 Defendant RVO filed a Motion to set Aside Order for Installment Payments as to the July 30, 2003 Order allowing installment payments.

17. On January 17, 2014 Defendant RVO filed a Notice of Judgment Lien in the Wayne county Register of Deeds.

18. In August of 2014 Defendant RVO made a request and writ for garnishment for Plaintiff Ford's Income tax refund/credit.

19. In September 2014 Defendant RVO garnished Plaintiff Ford's 2013 Michigan tax refund.

20. In October of 2014 Defendant RVO garnished Plaintiff Ford's Fifth Third Bank bank account.

21. Plaintiff Ford has suffered emotional distress as a result of the violation of the Fair Debt Collection Practices Act.

## COUNT I - FAIR DEBT COLLECTION PRACTICES ACT.

22. Plaintiff Ford incorporates the preceding allegations by reference.

23.     At all relevant times Defendant RVO, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

24.     Plaintiff Ford is a "consumer" for purposes of the FDCPA and the account at issue in this case is a consumer debt.

25.     Defendant RVO is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692a(6).

26.     Within one year immediately preceding the filing of this complaint, Defendant RVO attempted to collect from Plaintiff Ford a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a defaulted Providian National Bank loan.

27.     Within one year immediately preceding the filing of this complaint, Defendant RVO and the collectors employed by Defendant RVO, and on behalf of Defendant RVO willfully contacted Plaintiff Ford's personal cellular telephone numbers in an effort to collect this debt, which were at all relevant times "communication[s]" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

28.     Defendant RVO's foregoing acts in attempting to collect this debt violated

15 U.S.C. § 1692 et seq.

29. The Plaintiff Ford has suffered economic, emotional, general and statutory damages as a result of these violations of the FDCPA.

## COUNT II - VIOLATION OF THE MICHIGAN OCCUPATIONAL CODE.

30. Plaintiff Ford incorporates the preceding allegations by reference.

31. Defendant RVO is a "collection agency" as that term is defined in the Michigan Occupational Code ("MOC"), M.C.L. § 339.901(b).

32. Plaintiff Ford is a "debtor" as that term is defined in M.C.L. § 339.901(f).

33. Defendant RVO's foregoing acts in attempting to collect this debt violated M.C.L. § 339.915.

34. Plaintiff Ford has suffered damages as a result of these violations of the Michigan Occupational Code.

35. These violations of the Michigan Occupational Code by Defendant RVO were willful.

## COUNT III - VIOLATION OF THE MICHIGAN COLLECTION PRACTICES ACT.

36. Plaintiff Ford incorporates the preceding allegations by reference.

37. Defendant RVO is a "regulated person" as that term is defined in the Michigan Collection Practices Act ("MCPA"), at M.C.L. § 445.251.

38. Plaintiff Ford is a "consumer" as that term is defined at M.C.L. § 445.251.

39. Defendant RVO's foregoing acts in attempting to collect this debt violated M.C.L. § 445.252.

40. Plaintiff Ford has suffered damages as a result of these violations of the MCPA.

41. These violations of the MCPA by Defendant RVO were willful.

## COUNT IV – INVASION OF PRIVACY BY INTRUSION UPON SECLUSION.

42. Plaintiff Ford incorporates the preceding allegations by reference.

43. The restatement of Torts, Second, § 652(b) defines intrusion upon seclusion, "One who intentionally intrudes upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to the reasonable person."

44. Michigan further recognizes the Plaintiff Ford's right to be free from invasions of privacy, thus Defendant RVO violated Michigan state law.

45. The Defendant RVO intentionally intruded upon Plaintiff Ford's right to privacy by harassing the Plaintiff Ford with calls to her cell phone.

46. The conduct of the Defendant RVO in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

47. As a result of the intrusions and invasions, the Plaintiff Ford is entitled to actual damages from Defendant RVO in an amount to be determined at trial.

48. All acts of Defendant RVO and its agents were committed with malice, intent, wantonness, and recklessness, and as such, Plaintiff Ford is entitled to punitive damages.

## COUNT VI - INTENTIONAL (OR NEGLIGENT) INFLICTION OF EMOTIONAL DISTRESS.

49. Plaintiff Ford incorporates the preceding allegations by reference.

50. The acts, practices and conduct engaged in by the Defendant RVO vis-a-vis Plaintiff Ford were so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

51. The foregoing conduct constitutes the tort of intentional infliction of emotional distress under the laws of the State of Michigan.

52. All acts of Defendant RVO were committed with malice, intent, wantonness, recklessness, and negligence, and as such, Defendant RVO is subject to imposition of punitive damages.

53. Defendant RVO could reasonably foresee its conduct would cause mental anguish and severe emotional distress to Plaintiff Ford.

54. Plaintiff Ford did indeed suffer mental anguish and severe emotional distress including post-traumatic stress, paranoia, and depression.

## DEMAND FOR JURY TRIAL

Plaintiff Ford demands trial by jury in this action.

## DEMAND FOR JUDGMENT FOR RELIEF

Wherefore, Plaintiff Ford requests that the Court grant her the following relief against the Defendant RVO:

a. Actual damages.

b. Statutory damages.

c. Treble damages.

d. Punitive damages.

e. Statutory costs and attorney fees.

                                          Respectfully submitted,

                                          <u>/s/ Stephen A. Thomas</u>

December 18, 2014             STEPHEN A. THOMAS P43260
                                          Attorney for Plaintiff
                                          645 Griswold St., Suite 1360
                                          Detroit, Michigan  48226
                                          313-965-2265
                                          <u>sathomasplccmecf@aol.com</u>

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF MICHIGAN        )
                         ) ss
COUNTY OF WAYNE          )

I, Patricia Ann Ford, having first been duly sworn and upon oath, depose and say as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

I declare under penalty of perjury that the foregoing is true and correct.

_____
Patricia Ann Ford
Subscribed and sworn to before me this
14 day of November 2014.

_____
Notary Public

Stephen A. Thomas, Notary Public
State of Michigan, County of Wayne
My Commission Expires 3/30/2019
Acting in the County of _____